## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| Mark Harrison,<br><br>                                Plaintiff,<br><br>        -v-<br><br>DEA Agents, Leroy Sims, Maurice Leake,<br>Ja Wayne,<br><br>                                Defendants. | 2:25-cv-1083<br>(NJC) (LGD) |
| Mark Harrison,<br><br>                                Plaintiff,<br><br>        -v-<br><br>DEA Agent Eastern District that work with A.D.A. Barnes,<br>A.D.A. Christen Barnes, Probation Officer Dykman,<br>Homocide Detective Mike Ronca, Detective Johnny D,<br><br>                                Defendants. | 2:24-cv-8863<br>(NJC) (LGD) |

## MEMORANDUM AND ORDER

NUSRAT J. CHOUDHURY, United States District Judge:

Presently before the Court are the applications to proceed in forma pauperis ("IFP") filed by Mark Harrison ("Harrison") together with each of the above-captioned pro se complaints in *Harrison v. DEA Agents et al.*, No. 25-cv-1083 (E.D.N.Y.) ("*Harrison I*") and *Harrison v. DEA Agent Eastern District that work with A.D.A. Barnes et al.*, No. 24-cv-8863 (E.D.N.Y.) ("*Harrison II*"). (*See* Compl., *Harrison I*, ECF No. 1; IFP App., *Harrison I*, ECF No. 2; Compl., *Harrison II*, ECF No. 1; IFP App., *Harrison II*, ECF No. 2.) For the reasons that follow, the applications to proceed IFP are denied without prejudice and with leave to renew upon filing the enclosed AO 239 Long Form IFP application ("Long Form") within fourteen (14) days in each

case. Alternatively, Harrison may pay the $405.00 filing fee in each case also within fourteen (14) days in order to proceed.

To qualify for IFP status, the Supreme Court has long held that "an affidavit is sufficient which states that one cannot because of his poverty pay or give security for the costs [inherent in litigation] and still be able to provide himself and dependents with the necessities of life." *Adkins v. E.I. Du Pont De Nemours & Co.*, 335 U.S. 331, 339 (1948) (quotation marks and alterations omitted). "The federal *in forma pauperis* statute represents a significant effort to ensure the ability of impoverished litigants to prosecute meritorious claims or defenses without disadvantage." *Rosa v. Doe*, 86 F.4th 1001, 1004 (2d Cir. 2023). Indeed, "[t]he purpose of the statute permitting litigants to proceed IFP is to insure that indigent persons have equal access to the judicial system." *Velasquez v. Comm'r of Soc. Sec.*, No. 24-cv-2035, 2024 WL 3202974, at *2 (E.D.N.Y. June 26, 2024). Determining whether an applicant qualifies for IFP status is within the discretion of the district court. *See Rosa*, 86 F.4th at 1007 (explaining IFP application denials are reviewed for abuse of discretion). When a litigant's application fails to establish the level of poverty required under the IFP statute, such application is properly denied. *See, e.g.*, *Miller v. Smith*, No. 21-cv-2949, 2021 WL 2894973, at *2 (E.D.N.Y. June 2, 2021) (denying IFP motion where the plaintiff did not disclose the balance in her checking account). The court may dismiss a case brought by a plaintiff requesting to proceed IFP if the "allegation of poverty is untrue." 28 U.S.C. § 1915(e)(2)(A).

Here, Harrison's IFP Applications do not provide sufficient information for the Court to reasonably conclude that Harrison is unable to afford the filing fees for these cases. To be sure, Harrison reports that he is not employed, has not received income from any source during the

past twelve months, and has no money either in cash or in a checking or savings account. (*See* IFP App. ¶¶ 2–4, *Harrison I*; IFP App. ¶¶ 2–4, *Harrison II*.) However, Harrison has included a residential address in both of his complaints and a telephone number in the Complaint filed in *Harrison II*. (*See* Compl. at 1, *Harrison I*; Compl. at 1, *Harrison II*.) Yet, Harrison provides no expenses associated therewith nor does he report any other regular living expenses for items such as food, transportation, utilities, etc. (*Id*.) Notably, Harrison reports that the only item of value he owns is a motor vehicle, yet he includes no regular expenses associated therewith either such as for insurance and gas. (IFP App. ¶ 5, *Harrison I*; IFP App. ¶ 5, *Harrison II*.)[1] Further, given that Harrison reports that he is unemployed and has not received any income from any source in the past twelve months, his present applications provide no explanation as to how he supports himself. (*See* IFP App. ¶¶ 2–4, *Harrison I*; IFP App. ¶¶ 2–4, *Harrison II*.) The Court is not satisfied that Harrison is unable to pay the filing fees "'[b]ecause no one can live on no income and no assets,'[and] affidavits asserting that the plaintiff has no income and no assets without further explanation 'must be incomplete and, by extension, fail to support in forma pauperis status.'" *Jones v. ACS/Queens Field Off*., No. 23-cv-5742, 2024 WL 2818138, at *1 (E.D.N.Y. June 3, 2024) (quoting *Amanda M. v. Kijakazi*, No. 22-cv-0353, 2022 WL 1395941, at *1 (D. Conn. Apr. 29, 2022)).

---

[1] The Court notes that the IFP Application filed in *Harrison I* reports that the vehicle is a 1998 Altima and the IFP Application filed in *Harrison II* reports the vehicle is a 2009 Altima. (IFP App. ¶ 5, *Harrison I*; IFP App. ¶ 5, *Harrison II*.)

Accordingly, the IFP motions are denied without prejudice and with leave to renew by filing the enclosed Long Form IFP application in each case. "When an applicant fails to explain how he supports himself, courts generally regard his application as incomplete and insufficient to establish an entitlement to in forma pauperis status." *Dan M. v. Kijakazi*, No. 22-cv-664, 2022 WL 2069112, at *2 (D. Conn. May 19, 2022). If Harrison is financially supported by another person, he shall include the financial information for that person or persons in the space marked "spouse" on each renewed application. *Fridman v. City of New York*, 195 F. Supp. 2d 534, 537 (S.D.N.Y. 2002) ("In assessing an application to proceed in forma pauperis, a court may consider the resources that the applicant has or can get . . . such as from a spouse, parent, adult sibling or other next friend.") (internal quotation marks and citation omitted). Alternatively, Harrison may pay the $405.00 filing fee in each case.[2] Harrison shall either file the renewed IFP applications or remit the filing fees within two (2) weeks of the date of this Order or the Complaints in each casewill be dismissed without prejudice.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore IFP status is denied for the purpose of any appeal. *See Coppedge v. United States*, 369 U.S. 438, 444–45 (1962). The Clerk of the Court shall mail a

---

[2] Once the filing fee is paid, there are no refunds regardless of the outcome of the case. *Celestin v. U.S. Dep't State Bureau of Consular Affs.*, No. 20-cv-947, 2020 WL 6901081, at *2 (E.D.N.Y. Nov. 23, 2020) ("[T]he law does not permit a judge to refund a filing fee. Once the filing fee has been collected, it cannot be waived or refunded, regardless of the outcome of the action"). Accordingly, Harrison is encouraged to consult an attorney or to avail himself of the free legal resources provided by the Pro Se Legal Assistance Program run by Hofstra Law School at the Courthouse. Harrison may schedule an appointment there by calling (631) 297-2575 or by e-mailing PSLAP@Hofstra.edu. The Court notes that the Pro Se Clinic is not part of, nor affiliated with, the United States District Court.

4

copy of this Order to Harrison at his address of record and note such mailing on each cases'

docket.

Dated:        Central Islip, New York
              March 7, 2025


                                            _/s/ Nusrat J. Choudhury_____
                                            NUSRAT J. CHOUDHURY
                                            United States District Judge

5